UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH GREEN, III, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY CORRECTIONAL FACILITY, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-05748 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Joseph Green, III, Plaintiff Pro Se
230 E Evesham Rd. Apt. C-2
Glendora, NJ 08029

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Joseph Green, III seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. As the CCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989) (correctional facility is not a "person" under § 1983).

6. Plaintiff may be able to amend his complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend his complaint within 30 days of the date of this order.[1]

7. Plaintiff is advised that his amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The complaint states in its entirety: "Each time I was placed in a two-man cell with two other people. So total there was four of us. Which stayed like that the entire time I was incarcerated." Complaint § III. Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

---

[1] The amended complaint shall be subject to screening prior to service.

3

one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

9.   In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of his confinement, whether he was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

10.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

4

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

    11.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

    12.  An appropriate order follows.

 

 **October 12, 2016**                       **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                               Chief U.S. District Judge